UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF ILETA ZANK, by and through the
Personal Representative, DANIELLE BELL DOLSON,
        Plaintiff,

-v-

COUNTY OF EATON, OFFICER TODD HOWARD
COLE, and COMMUNITY MENTAL
HEALTH AUTHORITY,
        Defendants.

No. 1:08-cv-217

HONORABLE PAUL L. MALONEY

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR APPROVAL OF
SETTLEMENT AS TO DEFENDANTS EATON COUNTY AND OFFICER TODD HOWARD
COLE ONLY, APPROVAL OF DISTRIBUTION OF PROCEEDS OF SETTLEMENT AND
APPROVAL OF ATTORNEY FEES AND COSTS

This matter comes before the Court on Plaintiff's Motion (Dkt. No. 104) for Approval of Settlement, as to Defendants Eaton County and Officer Todd Howard Cole Only, Approval of the Distribution of Proceeds of Settlement and Approval of Attorney Fees and Costs.

ANALYSIS

Plaintiff Dolson, as personal representative of Ileta Zank's estate, filed a claim against Defendants after Ms. Zank hanged herself in the Eaton County jail. The first two counts of the complaint alleges claims under 42 U.S.C. § 1983. The third count of the complaint alleges gross negligence against Defendant Cole.

A. Motion to Approve Settlement Agreement

Plaintiff, Defendant Eaton County, and Defendant Cole reached a settlement agreement and seek the Court's approval of the agreement. District Courts have discretion to approve settlements in actions before them. *Rusiecki v. City of Marquette*, 64 F.App'x 936 (6th Cir. 2003) (citing

*Odomes v. Nucare, Inc.*, 653 F.2d 246, 252 (6th Cir. 1981) (holding the district court did not abuse its discretion by refusing to enforce an alleged settlement agreement)). *See Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 418-419 (6th Cir. 2000) (holding the appropriate standard for reviewing a district court's decision to enforce a settlement agreement is an abuse of discretion). When minors are involved, the district court must make an independent determination that the settlement is in the minor's best interest. *See Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (discussing, with approval, *Crawford v. Loving*, 84 F.R.D. 80, 87 (E.D.Va. 1979)). Although the settlement will likely benefit Avry Zank, the minor child of Ileta Zank, the proposed settlement reflects an agreement between the parties and does not involve Avry. To the extent necessary, having taken an independent review of the proposal, this Court finds the proposed settlement both fair and in the minor's best interest.

B. Motion to Approve Distribution of Settlement

Jurisdiction over the first two claims in the action arises under 28 U.S.C. § 1331, as counts 1 and 2 present federal questions. This Court may exercise supplemental jurisdiction over the third count under 28 U.S.C. § 1367. One of the "longstanding limitations" on federal jurisdiction is the probate exception, a "judicially created doctrine[] stemming in large measure from misty understandings of English legal history." *Marshall v. Marshall*, 547 U.S. 293, 298 (2006). In *Markham v. Allen*, 326 U.S. 490 (1946), the United States Supreme Court described the limits of the probate exception. The Court held federal courts have no jurisdiction to probate wills or administer estates, but noted federal courts did have jurisdiction over suits involving creditors, legatees, heirs and other claimants against a decedent's estate to "'establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate

or control of the property in the custody of the state court.'" *Id.* at 494 (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43 (1909)). The Court further explained while "a federal court may not exercise its jurisdiction or disturb or affect the possession of property in the custody of a state court," "it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Id.* (citing *Commonwealth Trust Co. v. Bradford*, 297 U.S. 613, 619 (1936)). In *Marshall*, the Court clarified the scope of the probate exception which

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

547 U.S. at 311-312.

"'The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court.'" *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir. 2004) (quoting *McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir. 1988)). In Michigan, probate courts have exclusive jurisdiction over all matters relating to the settlement of the estate of a deceased person. MCL § 700.1302. Although this Court may approve the proposed settlement, this Court does not have jurisdiction to distribute the property in the estate that results from the approved settlement. *See Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) (holding the suit, although based on a will, did not fall under the probate exception to federal jurisdiction because the relief sought would add assets to the estate and would not reallocate assets among the estate's claimants); *Wozniak v. Corrigan*, No. 1:05-cv-2259, 2006 WL 4512815

3

*4 (N.D. Ohio May 12, 2006) (Wells, J.) (holding the court lacked jurisdiction because the plaintiffs' claims "inextricably involve the administration of the Estate and probate of [] the will" and therefore "seek to reach the *res* of the Estate").

This Court finds the reasoning in Judge O'Meara's opinion in *McCray v. Anderson* persuasive. *See McCray v. Anderson*, No. 05-60108, 2007 WL 2780875 (E.D. Mich. Sept. 20, 2007). *McCray*, like this action, involved a personal representative for an estate alleging section 1983 claims against a number of police officers after the decedent passed away while in police custody. The parties reached a settlement at a conference with the magistrate judge and filed a notice of settlement. The plaintiff then filed a motion to distribute the proceeds of the settlement under the procedures provided by Michigan's Wrongful Death Act, MCL § 600.2922. The motion was denied because the plaintiff sought an order distributing assets belonging to the estate. *Id.* Judge O'Meara explained the assets in the estate fell under the exclusive jurisdiction of the state probate court. *Id.* Similar to the complaint in *McCray*, no claim has been made in this case under Michigan's Wrongful Death Act and therefore the procedures for distribution of proceeds available under that Act are not available here.

C. Motion to Approve Attorney Fees and Costs

Plaintiff requests the Court approve costs and attorney fees. This Court has the authority to award fees and costs from the amount of the settlement, before the net proceeds are paid to the estate. *See Estate of Nocerini v. Peterson*, No. 242557, 2003 WL 21246677 (Mich. Ct. App. May 29, 2003) (unpublished per curiam opinion) (interpreting the Wrongful Death Act, holding the proceeds to be distributed from the estate represent the net amount of the settlement or judgment after attorney fees and costs are paid.) Ordinarily, in section 1983 suits, a court may award the

4

prevailing party reasonable attorney fees and costs. 42 U.S.C. § 1988(b); *Dorr v. City of Ecorse*, 305 F.App'x 270, 279 (6th Cir. 2008). The decision to award attorney fees under section 1988 is within a trial court's discretion. *See Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 634 (6th Cir. 2009). Although Plaintiff has not explicitly stated so, based upon the amounts requested, Plaintiff appears to have entered into a contingency fee agreement. Trial courts also have broad powers to supervise the collection of attorney fees under contingency fee contracts. *Krause v. Rhodes*, 640 F.2d 214, 218 (6th Cir. 1981). Plaintiff has neither justified the request for attorney fees under section 1988(b) nor asserted that attorney fees should be awarded under a contingency fee agreement. Plaintiff has not submitted any documentation establishing the basis for awarding the requested costs.

For the reasons provided above, **IT IS HEREBY ORDERED**, Plaintiff's motion (Dkt. No. 104) is **GRANTED in part and DENIED in part:**

1. Plaintiff's motion for approval of settlement, as to Defendants Eaton County and Officer Todd Howard Cole only, is **GRANTED;**

2. Plaintiff's motion for approval of the distribution of proceeds of settlement is **DENIED**;

3. Plaintiff's motion for approval of attorney fees and costs is **DENIED WITHOUT PREJUDICE.**


Date:  July 10, 2009  	/s/ Paul L. Maloney  
Paul L. Maloney  
Chief United States District Judge